UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH REYNA,

                Plaintiff,

v.

JERROD HART, *et al.*,

                Defendants.

_____/

Case No. 23-12790

Curtis Ivy, Jr.
United States Magistrate Judge

**OPINION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pending before the Court is Plaintiff's *Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e)*. (ECF No. 54). Plaintiff Joseph Reyna is a police officer with the Dearborn Heights Police Department. (ECF No. 9). On November 1, 2023, Plaintiff filed this disability discrimination case against Defendants Hart and the City of Dearborn Heights under the Americans with Disabilities Act ("ADA") and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA") for alleged employment actions taken after Plaintiff suffered a heart attack in 2021. (*Id.*). At the close of discovery, Defendants filed a motion for summary judgment. (ECF No. 36). Plaintiff responded opposing that motion and subsequently filed a motion for leave to file a second amended complaint. (ECF Nos. 38, 46). The Court issued an opinion and order on October 9, 2025, granting Defendants'

motion for summary judgment and denying Plaintiff's motion for leave to file an amended complaint.  (ECF No. 52).  On November 6, 2025, Plaintiff filed the instant motion for reconsideration of that opinion and order pursuant to Fed. R. Civ. P. 59(e).  (ECF No. 54).

## I.      LEGAL STANDARD

This Court's Local Rules permit a party to bring a motion for reconsideration of a final order or judgment under Fed. R. Civ. P. 59(e).  *See* E.D. Mich. L.R. 7.1(h)(1) (expressly authorizing motions for reconsideration under Rule 59(e) or Rule 60).  Rule 59(e) itself does not explicitly mention reconsideration but allows a party to move the court to alter or amend a judgment within 28 days of its entry.  Fed. R. Civ. P. 59(e).

The Sixth Circuit has held "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Instead, a court may alter or amend a judgment upon "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).  "District courts have considerable discretion when determining whether to grant this type of motion." *Robertson v. Breakthrough Towing, LLC*, No. 19-

2

10266, 2020 WL 14001852, at *1, *2 (E.D. Mich. Oct. 7, 2020) (citing *Leisure Caviar, LLC*, 616 F.3d at 615).

Despite neither term being precisely defined under Sixth Circuit precedent, both "clear error of law" and "manifest injustice" have operative meanings. *Hall-Easley v. Clarksville Operating Grp. LLC*, No. 3:23-CV-00107, 2026 WL 1021838, at *1 (M.D. Tenn. Apr. 15, 2026) ("Although the Sixth Circuit has not precisely defined 'clear error' in the context of the Rule 59(e) analysis, district courts in this circuit agree that a high standard applies."); *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 530 (6th Cir. 2016). "A party moving to alter or amend a judgment based on a clear error of law must show that the Court wholesale disregarded, misapplied, or failed to recognize controlling precedent. *Id*. (citing *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

Manifest injustice also has not been precisely defined under Sixth Circuit precedent, however the Sixth Circuit points out that "the plain meaning of those words is instructive." *Id*. Black's Law Dictionary defines "manifest injustice" as "[a] direct, obvious, and observable error in a trial court." BLACK'S LAW DICTIONARY (12th ed. 2024). "Relief [under the manifest injustice prong] requires a showing of a direct, obvious error resulting in an inequitable outcome

3

and presents a 'high hurdle.'" *Hall-Easley*, 2026 WL 1021838, at *3 (citing

*Westerfield v. United States*, 366 F. App'x 614, 620 (6th Cir. 2010)).

## II.     ANAYLSIS

Plaintiff moves the Court to reconsider its original decision granting

Defendants' motion for summary judgment and denying Plaintiff's motion for

leave to file a second amended complaint in its entirety.  But Plaintiff fails to

identify why he is entitled to such relief under Rule 59(e).  Nowhere in Plaintiff's

motion does he identify clear error.  Plaintiff cites no newly discovered evidence or

an intervening change in controlling law in the time since the Court's opinion was

issued.  Nor does Plaintiff assert such relief is required to prevent manifest

injustice.  Instead, Plaintiff merely describes how he believes the Court should

have ruled on the two motions and provides the basis of his disagreement.  Devoid

of any clearly identified basis to alter or amend the Court's judgment under Rule

59(e), Plaintiff's motion reads as an impermissible attempt to reargue the case.

### A.     Plaintiff Has Failed to Establish Why the Court's Order Denying Plaintiff Leave to File His Second Amended Complaint Should Be Altered or Amended

Plaintiff first argues that the Court should have granted his motion for leave

to file his second amended complaint "because justice requires Plaintiff's newly

discovered evidence to be heard." (ECF No. 54, PageID.2256).  The Court already

expressly rejected this argument finding that Plaintiff had unduly delayed in

4

moving for leave to amend, and that granting such leave so late in the case would prejudice Defendants and the Court. (ECF No. 52, PageID.2242).

In making its determination that Plaintiff had unduly delayed and thus Plaintiff's motion for leave to file an amended complaint should be denied, the Court made two separate findings: 1) that Plaintiff had unduly delayed in moving to amend his answer; and 2) that such delay would prejudice Defendants and the Court. Plaintiff disagrees with the Court's determination of both prongs but does not identify which Rule 59(e) consideration justifies reconsideration here. So the Court considers each argument in turn.

### i. The Court's Finding of Undue Delay Was Not a Clear Error of Law

First, Plaintiff disagrees with the Court's determination that the information Plaintiff relied on to support his motion—that two new witnesses came forward who could further attest to retaliation claims that Plaintiff already had notice of but had never plead—was not actually new and does not excuse Plaintiff's delay in raising his retaliation claims. (ECF No. 52, PageID.2240). Plaintiff argues that the Court, "ignores the fact that the new witnesses established a much clearer evidentiary basis to make the new claims of retaliation [than the evidence that Plaintiff had access to before.]." (ECF No. 54, PageID.2257). Yet Plaintiff makes no argument about why that would matter and fails to establish that the Court's finding of undue delay was a clear error of law.

5

"Undue delay considers whether plaintiff was in possession of the facts that underlie the proposed amendment but failed to act diligently. . ." *McNulty v. Arctic Glacier, Inc.*, No. 08-CV-13178, 2016 WL 465490, at *17 (E.D. Mich. Feb. 8, 2016). The Court found "Plaintiff had the facts necessary to seek leave to amend based on [his retaliation] theory in March 2025, well before the close of discovery and the passing of the dispositive motion deadline. . . ." (ECF No. 52, PageID.2240–41). The Court made clear that the existence of the two new witnesses further corroborating this theory did not change this analysis, holding "[had Plaintiff sought leave to amend based on his retaliation theory back in March 2025], he could have spent the discovery period searching for evidence in support of the claim. At this point, the delay is undue." (*Id.* at PageID.2241).

Plaintiff's argument to the contrary is much like the argument the court rejected in *United States v. Wasel*, No. 17-cv-12296, 2021 WL 1015941, at *1 (E.D. Mich. Mar. 17, 2021). In *Wasel*, the Government filed a motion seeking leave to amend its complaint and reopen discovery alleging that newly discovered evidence justified two additional causes of action after discovery had closed. *Id.* at *1. That said, the Government's own brief made it clear that it always had access to information supporting its proposed amended claims—the Government had just chosen not to conduct that line of discovery. *Id.* at *2. After discovery closed, the Government began to look into its proposed amended claim, and uncovered

information it could have easily discovered before. *Id.* The Government argued that because it had not been discovered before, this information qualified as "newly discovered evidence" justifying the amendment of the complaint and the reopening of discovery. *Id.* at *2. The court expressly rejected the Government's argument and held "[t]he fact that the Government chose to focus its investigation on one line of inquiry does not provide justification for amending the complaint to allow additional causes of action at such a late stage of litigation." *Id*.

Like the Government in *Wasel*, Plaintiff admits that he knew of his intended retaliation claims before the close of discovery but chose not to pursue them. (ECF No. 46, PageID.2062). Plaintiff did not seek to act on this knowledge by amending his complaint, nor does it appear Plaintiff took any steps to pursue this inquiry until after discovery had closed. Plaintiff's earlier choice not to pursue this line of inquiry reflects a lack of diligence and undue delay. *See McNulty*, 2016 WL 465490, at *17. It does not justify granting Plaintiff leave to amend his complaint to add new claims and reopen discovery so he can diligently pursue this line of inquiry now. The Court was well within its discretion to determine that his failure to move for leave to amend until after discovery had closed was undue delay by Plaintiff, and this determination does not represent a clear error of law. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (denying motion to amend for undue delay where "[p]laintiff delayed pursuing [a] claim

7

until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed").

ii.    The Court's Finding of Significant Prejudice Was Not a Clear Error of Law

Next, Plaintiff disagrees with the Court's finding that granting Plaintiff leave to amend his complaint would significantly prejudice Defendants.  Plaintiff argues that any prejudice Defendants would suffer if the Court were to grant Plaintiff's motion to amend is outweighed by the prejudice Plaintiff would suffer if his claims cannot be properly adjudicated.  (ECF No. 54, PageID.2257).  The Court's weighing of the prejudice Plaintiff's amendment would cause Defendants was not a clear error of law.

"The standard for a motion to amend is governed by the general principle that cases should be tried on their merits rather than the technicalities of pleadings, which is in turn moderated by the exception that judges should allow amendment only when doing so does not cause prejudice to the defendants or undue delay." *Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*, 922 F.3d 713, 732–33 (6th Cir. 2019) (citations omitted).  The Court found that "Defendants would face significant prejudice if the motion was granted at this late stage."  (ECF No.52, PageID.2241).  The Court noted that the amendment would likely necessitate discovery to be reopened and additional motion practice and that all of this

prejudices Defendants' "legitimate and understandable interest in seeing the end to the lawsuit filed against them." (*Id*. at PageID.2242).

Although Plaintiff admits that allowing the amendment of the pleadings at this stage would force the reopening of discovery and cause prejudice to Defendants, Plaintiff argues that this prejudice can be addressed through limiting the scope of discovery. (ECF No. 54, PageID.2257). Plaintiff cites *White v. Klee*, No. 13-15073, 2018 WL 902283, at *1 (E.D. Mich. Feb. 15, 2018) and *Drews v. Am. Airlines, Inc.*, No. 13-10421, 2015 WL 3604998, at *4 (E.D. Mich. June 8, 2015) to support this argument. *Id*. Neither case, however, supports Plaintiff's argument that such mitigation is necessary but only demonstrates that the Court has the power to issue limited discovery orders. *See* White, 2018 WL 902283, at *1 (granting leave to amend a witness list and reopen discovery for a limited purpose); *Drews*, 2015 WL 3604998, at *4 (granting leave to amend witness list and reopening discovery for a limited purpose). This is not in dispute.

Plaintiff cites no binding legal precedent showing that the Court was wrong to deny Plaintiff's motion to amend considering the Court's power to issue limited discovery orders. The Sixth Circuit has held that "allowing amendment after the close of discovery creates significant prejudice." *Duggins*, 195 F.3d at 834 (citing *Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986)); *see also Med. Ctr. at Elizabeth Place*, *LLC*, 922 F.3d at 733 ("The district court did not abuse its

9

discretion by concluding that its allowing [the plaintiff] to amend its complaint for a second time would require a new round of discovery that would cause undue delay and prejudice [the defendants] by significantly extending litigation. . .”). This Court's holding that Defendants would face significant prejudice if Plaintiff were granted leave to amend was not a clear error of law.

### iii.    Plaintiff's Motion for Reconsideration is Not Supported by an Intervening Change in Law or Newly Discovered Evidence.

In the absence of a clear error of law, the Court next turns to whether Plaintiff's motion for reconsideration is supported by an intervening change in controlling law or newly discovered evidence.  Plaintiff does not identify, nor is the Court aware of any intervening change in law that would support Plaintiff's motion for reconsideration.

Similarly, while it is unclear if Plaintiff intends to make this argument, Plaintiff cannot claim the two new witnesses he raised in support of his motion for leave to amend, as newly discovered evidence justifying independent relief under Rule 59(e) now.  “Although newly discovered evidence can warrant relief under Rules 59(e) and 60(b), both rules require that such evidence could not have been discovered/presented before the court ruling being challenged.” *McFarlin v. City of Wayne*, No. 25-CV-12780, 2026 WL 1434862, at *3 (E.D. Mich. May 21, 2026) (citing *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012)).  “[T]he newly discovered evidence also ‘must be of such a nature as would probably

produce a different result,'" *Doe v. Baum*, 282 F. Supp. 3d 972, 978 (E.D. Mich. 2017) (quoting *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1117 (10th Cir. 2013)) (citation modified).

Here, Plaintiff's witnesses are not new. Plaintiff claims to have discovered these witnesses in July 2025, well before the Court issued its judgment on October 9, 2025. (ECF Nos. 46, 52). Plaintiff asserted the existence of these witnesses in its motion for leave to amend and the existence of these two witnesses was before the Court when the Court first decided Plaintiff's motion. (ECF Nos. 46, 52). The Court denied Plaintiff's motion for leave to amend after considering whether these two witnesses justified granting such leave then, and Rule 59(e) does not permit the Court to reconsider its denial of Plaintiff's motion to amend on the basis of these two witnesses now. (ECF No. 52); *See Moeller v. Univ. of Toledo*, No. 2:25-CV-12057, 2026 WL 1022409, at *2 (E.D. Mich. Apr. 15, 2026) ("Therefore, [the movant] may not recycle a rejected argument into newly discovered evidence in a post-judgment motion.") (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (motions under Civil Rule 59(e) are not opportunities to reargue a case)).

> iv. The Court's Denial of Plaintiff's Motion for Leave to Amend Was Not a Manifest Injustice

Finally, the Court examines its denial of Plaintiff's motion for leave to amend for manifest injustice but finds none. The manifest injustice ground of a

Rule 59(e) motion is often considered to be a catch-all provision but "it is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010), *on reconsideration in part* (July 21, 2010) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). As discussed above, manifest injustice typically requires "a direct, obvious error resulting in an inequitable outcome" *Hall-Easley*, 2026 WL 1021838, at *3. No such error exists here. As Plaintiff had a sufficient opportunity to move for leave to amend his complaint prior to the end of discovery, denying him the opportunity to amend his complaint after the close of discovery is not a manifest injustice. *See Spaude v. Mysyk*, No. 1:16-CV-01836, 2018 WL 1158627, at *5 (N.D. Ohio Feb. 2, 2018), *report and recommendation adopted*, 2018 WL 1137060 (N.D. Ohio Mar. 1, 2018).

In summary, to succeed on his Rule 59(e) motion for reconsideration of the Court's denial of Plaintiff's motion for leave to file a second amended complaint, Plaintiff is required to show the Court made a clear error of law, there is newly discovered evidence or an intervening change in controlling law, or its outcome is manifestly unjust. Plaintiff fails to do so. As discussed above, the Court was well within its discretion to deny Plaintiff's motion given Plaintiff's undue delay and the prejudice such an amendment would cause Defendants. This denial gives rise to no manifest injustice, and Plaintiff makes no showing of a change in controlling

12

law or newly discovered evidence to advise otherwise. As a result, reconsideration of the Court's order denying Plaintiff leave to file his second amended complaint is unwarranted.

> **B.** **Plaintiff Failed to Establish Why the Court's Opinion Granting Defendants' Motion for Summary Judgment Should be Altered or Amended**

With respect to the Court's grant of summary judgment in Defendants' favor, Plaintiff has not shown there was a clear error of law, newly discovered evidence, an intervening change in controlling law, or manifest injustice. Thus, Plaintiff establishes no grounds for the Court to reconsider its decision.

Plaintiff argues that Defendants' motion for summary judgment should have been denied because, contrary to the findings of this Court, Plaintiff was a qualified individual and had requested a reasonable accommodation. This branch of Plaintiff's motion does not point to or identify any new evidence or intervening change in precedent, nor does it identify a clear error of law or allege that the alteration or amendment of the Court's initial judgment is necessary to prevent manifest injustice. Plaintiff's motion under Rule 59(e) simply reargues its opposition to Defendants' motion for summary judgment. *Compare* (ECF No. 38) *with* (ECF No. 54). Such re-argument is impermissible under Rule 59(e). *Sault Ste. Marie Tribe of Chippewa* Indians, 146 F.3d at 374. "Rule 59(e) allows for reconsideration; it does not permit parties to effectively re-argue a case. *Howard v.*

*United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citations omitted).  This remains true for motions seeking reconsideration of a court's grant of summary judgment. *Gulley v. Cnty. of Oakland*, 496 F. App'x 603, 612 (6th Cir. 2012) (affirming the denial of a motion for reconsideration of a grant of summary judgment when the movant simply reargued the positions she had already advanced in her opposition to the original motion).  As the Court has already addressed these arguments in detail and Plaintiff cites no clear error of law, newly discovered evidence, intervening change in precedent, or manifest injustice, the Court finds no reason to reconsider its judgment granting Defendants' motion for summary judgment.

## III.   CONCLUSION

Accordingly, upon consideration of the motion, for the reasons as stated, and for good cause, it is **ORDERED** that Plaintiff's *Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e)* (ECF No. 54) is hereby **DENIED**.

**IT IS SO ORDERED**.


Date: July 13, 2026                         s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge

14